NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY OF ENGLEWOOD,<br><br>                  Plaintiff,<br><br>v.<br><br>CHUKWUEMEKA EZEKWO, IFEOMA EZEKWO, *et al.*,<br><br>                  Defendants. | Civil Action No. 20-12799 (SDW) (LDW)<br><br>**OPINION**<br><br>June 11, 2021 |

**WIGENTON**, District Judge.

Before this Court is Plaintiff City of Englewood's ("Englewood") Motion to Dismiss itself from this interpleader action and Dismiss *pro se* Defendants Ifeoma Ezekwo and Chukwuemeka Ezekwo's (collectively, the "Ezekwos") counterclaim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  Jurisdiction is proper pursuant to 28 U.S.C. § 1335.  Venue is proper pursuant to 28 U.S.C. § 1397.  This opinion is issued without oral argument pursuant to Rule 78.  For the reasons stated herein, Englewood's Motion to Dismiss is **GRANTED**.

**I.**        **BACKGROUND AND PROCEDURAL HISTORY**

This Court writes primarily for the parties and briefly summarizes the lengthy history of this case.  Englewood is a public entity and municipal corporation located in New Jersey.  (D.E. 1 ("Compl.") ¶ 6.)  The Ezekwos reside in New Jersey and previously sued Englewood and three of its police officers in this Court for violating their civil rights.  *See Ezekwo v. Quirk*, Civ. No. 15-3167 (D.N.J. filed May 5, 2015).  The other defendants in this matter—Maggiano, Digirolamo & Lizzi, P.C., Romanucci & Blandin LLC, and Joshua S. Moskovitz, Esq. (collectively, the "Law

Firm Defendants")—are law firms or attorneys that previously represented the Ezekwos and claim liens against the Ezekwos in connection with their past legal work.  (*See* Compl. ¶¶ 9–11.)

In the previous suit, the Ezekwos were represented by counsel and reportedly settled their claims for $1.31 million.  (*See* Compl. ¶ 13.)  They later terminated their counsel and contested the settlement, but this Court found it to be enforceable.  *See Ezekwo v. Quirk*, Civ. No. 15-3167, 2018 WL 4091068 (D.N.J. Apr. 16, 2018) (adopting report and recommendation and granting Englewood's Motion to Enforce Settlement).  On appeal, the Third Circuit noted that this Court "admirably fulfilled its duties," but remanded for a limited evidentiary hearing in view of the Ezekwos' *pro se* status.  784 F. App'x 79, 82 (3d Cir. 2019).  On remand, the Ezekwos did not appear for their evidentiary hearing and this Court granted Englewood's Motion to Enforce the Settlement a second time.  *See* 2020 WL 1048670 (D.N.J. Mar. 4, 2020).  The Ezekwos appealed again, but the Third Circuit dismissed their appeal for "failure to timely prosecute."  *See* No. 20-1728, 2020 WL 5814217, at *1 (3d Cir. June 17, 2020).

Englewood filed this interpleader action on September 17, 2020, alleging "legitimate fears of multiple claims against the litigation settlement monies," including claims by both the Ezekwos and each of the Law Firm Defendants.  (Compl. ¶ 37.)[1]  To "protect itself and its current and former employees" that were named as individual defendants in the prior lawsuit, and to "avoid further involvement in a litigation in which it no longer has an interest," Englewood sought leave to deposit the $1.31 million settlement monies with the Court.  (Compl. ¶¶ 36–38.)[2]  The Honorable

---

[1] Each of the Law Firm Defendants subsequently filed answers or petitions asserting claims to the settlement monies, requesting to be paid for their past legal representation of the Ezekwos.  (*See* D.E. 7, 22, 23.)

[2] Englewood's Complaint contains two counts: (1) Statutory Interpleader and (2) Ancillary Relief.  (Compl. ¶¶ 29–41.)  Count Two requests that this Court "enter a restraint against parties interested in the settlement monies from proceeding against [Englewood] or its current or former employees named individually as defendants in the underlying lawsuit . . . in any other forum."  (*Id.* ¶ 40.)  On May 18, 2021, the Hon. Renée Bumb, U.S.D.J., entered a preclusion order (1) prohibiting Ifeoma Ezekwo from filing new lawsuits related to this matter without the court's express permission, and (2) requiring the Clerk of the Court to file a copy of the preclusion order in any new lawsuit filed by

Leda. D. Wettre, U.S.M.J., granted that request on December 21, 2020. (D.E. 12.) On February 1, 2021, the Ezekwos filed their answer to Englewood's interpleader complaint, asserting a counterclaim against Englewood and its counsel, Alan Baratz, Esq. (D.E. 13 at 18–20.) Englewood filed the instant motion to dismiss itself from the case and dismiss the Ezekwos' counterclaim on March 3, 2021. (D.E. 16, 17.)[3] The Ezekwos filed an amended answer and counterclaim on March 14, 2021. (D.E. 18.)[4] Following multiple extensions, the Ezekwos opposed Englewood's motion on June 7, 2021. (D.E. 27.) No other opposition was filed.

## II.  LEGAL STANDARDS

### A.  Interpleader Action

"The equitable remedy of interpleader allows a person holding property to join in a single suit two or more persons asserting claims to that property." *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007) (quotation omitted). "The plaintiff in an interpleader action, who may already be the defendant in an underlying lawsuit claiming the property, is a stakeholder that admits it is liable to one of the claimants[] but fears the prospect of multiple liability." *Amethyst Int'l, Inc. v. Duchess*, Civ. No. 13-4287, 2014 WL 683670, at *4 (D.N.J. Feb. 20, 2014) (citing *Metro. Life*, 501 F.3d at 275). "Interpleader allows the stakeholder to file suit, deposit the property with the court, and withdraw from the proceedings. The competing claimants are left to litigate between themselves." *Metro. Life*, 501 F.3d at 275 (citation omitted).

---

Chukwuemeka Ezekwo. (*See* D.E. 26.) In view of Judge Bumb's preclusion order, and because this Court will dismiss Englewood from this action, Englewood's request for restraints is **DENIED WITHOUT PREJUDICE** at this time.

[3] D.E. 17 is an amended filing that includes a page that was omitted from D.E. 16.

[4] The amended counterclaim is substantively identical as alleged against Englewood and its counsel. (*Compare* D.E. 13 at 18–20, *with* D.E. 18 at 18–20.) In the interest of judicial efficiency, this Court will apply Englewood's Rule 12(b)(6) arguments to the amended counterclaim and will not require duplicative briefing or motion practice.

There are two sources of interpleader relief in federal court: statutory interpleader under 28 U.S.C. § 1335 and rule interpleader under Rule 22. *See id.* Under statutory interpleader, district courts have subject matter jurisdiction "if there is 'minimal diversity' between two or more adverse claimants," and the amount in controversy is at least $500. *Id.* (quoting *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967)); *see* 28 U.S.C. §§ 1335(a) and (a)(1). Under § 1335(a)(2), the plaintiff must deposit the amount in controversy, or a bond for the amount, into the court's registry for the court to exercise jurisdiction. *See Wells Fargo Bank, N.A. v. Comments Sols., LLC*, Civ. No. 19-77, 2019 WL 6873257, at *2 (D.N.J. Dec. 17, 2019). In contrast, "rule interpleader is no more than a procedural device; the plaintiff must plead and prove an independent basis for subject matter jurisdiction." *Metro. Life*, 501 F.3d at 275 (citations omitted).

Once commenced, "[t]he typical interpleader action proceeds in two distinct stages." *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009) (citation omitted). In the first stage, "the court determines whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants." *Id.* (citations omitted). "The key prerequisite . . . is that there be two or more claimants to the fund who are adverse to each other." *Stonebridge Life Ins. Co. v. Kissinger*, 89 F. Supp. 3d 622, 626 (D.N.J. 2015) (quotation and alteration omitted). In the second stage, "the court determines the respective rights of the claimants to the interpleaded funds." *Prudential*, 553 F.3d at 262 (citation omitted).

B.     **Rule 12(b)(6) Motion to Dismiss**

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a Rule 12(b)(6) motion to dismiss, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff

may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.* While *pro se* pleadings are to be liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim . . . [and] they cannot flout procedural rules—they must abide by the same rules that apply to other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

#### A. Interpleader Analysis

In this first stage of the interpleader action, this Court must "determine[] whether the interpleader complaint was properly brought and whether to discharge [Englewood] from further liability to the claimants." *Prudential*, 553 F.3d at 262 (citations omitted). The jurisdictional requirements are met here. There is minimal diversity between the adverse claimants, as the Ezekwos are citizens of New Jersey and both members of Romanucci & Blandin LLC are citizens of Illinois. (*See* Compl. ¶¶ 7–8, 10); 28 U.S.C. § 1335(a)(1). The $1.31 million in controversy is well above the $500 minimum and Englewood has already deposited that amount into the Court's registry. (*See* D.E. 12; Compl. ¶ 31); 28 U.S.C. §§ 1335(a) and (a)(2).[5] Accordingly, Englewood's complaint was properly brought and this Court has subject matter jurisdiction.

---

[5] Although deposit of the subject monies into the Court's registry is a jurisdictional *prerequisite* of 28 U.S.C. § 1335(a)(2), the Third Circuit and courts in this district have permitted plaintiffs to make the deposit *after* filing their

On the merits, this Court finds that good cause exists to grant Englewood's requested relief. "The key prerequisite . . . is that there be two or more claimants to the fund who are adverse to each other." *Stonebridge Life*, 89 F. Supp. 3d at 626 (quotation and alteration omitted). Englewood is liable in the amount of $1.31 million pursuant to its settlement agreement, which this Court found enforceable and regarding which the Ezekwos have exhausted their appeals. Multiple adverse claimants, namely, the Ezekwos and each of the Law Firm Defendants, claim at least a portion of that money. (*See* D.E. 7, 18, 22, 23.) Granting interpleader relief here would result in "a win-win situation," allowing Englewood to "avoid[] multiple liability," and allowing the "claimants [to] settle their dispute in a single proceeding, without having to sue [Englewood] first and then face the difficulties of finding assets and levying execution." *Metro. Life*, 501 F.3d at 275 (quotation omitted). Accordingly, the request for interpleader relief is granted.

### B.     Counterclaim Analysis

The Ezekwos' counterclaim alleges civil rights violations under 42 U.S.C. § 1983 and seeks "monetary relief of at least one billion dollars." (D.E. 13 at 18; D.E. 18 at 18.)[6] As an initial matter, the Ezekwos' allegations are facially implausible and do not allow this Court "to draw the reasonable inference" that Englewood (or any other party) is responsible for the alleged misconduct. *Iqbal*, 556 U.S. at 678; *see Fowler*, 578 F.3d at 210 ("The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are

---

interpleader complaint, as Englewood did here. *See, e.g.*, *United States Life Ins. Co. in City of New York v. Holtzman*, 723 F. App'x 141, 145 (3d Cir. 2018) (affirming district court's order directing plaintiff to deposit funds and "perfect jurisdiction"); *Wells Fargo*, 2019 WL 6873257, at *2–3.

[6] The Ezekwos initially asserted their counterclaim against Englewood, the Law Firm Defendants, and the following non-parties: Englewood's counsel and this Court. (D.E. 13 at 18.) In their amended counterclaim, the Ezekwos added the following non-parties: Magistrate Judge Leda Wettre of the U.S. District Court for the District of New Jersey and Judge Liliana Deavila-Silebi of the Superior Court of New Jersey. (D.E. 18 at 18.)

plausible."). Normally, this Court would grant leave to amend, but the Ezekwos' counterclaim is barred in its entirety for the reasons discussed below and must be dismissed with prejudice.

First, any such claim against Englewood is barred by claim preclusion, which "prevents claims between the same parties from being litigated anew after a final judgment has been entered in a previous suit." *Toscano v. Connecticut Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) (citing *Semtek Int'l v. Lockheed Martin Corp.*, 531 U.S. 497, 502 (2001)). "Judicially approved settlement agreements are considered final judgments on the merits for the purposes of claim preclusion." *Id.* (citation omitted). "Additionally, the identity of the cause of action refers not only to claims actually litigated, but to those that could have been litigated in the earlier suit if they arise from the same underlying transaction or events." *Id.* (citation omitted). Because the Ezekwos' counterclaim against Englewood was litigated or could have been litigated in the underlying lawsuit between the two parties, *Ezekwo v. Quirk*, Civ. No. 15-3167, the claim is barred.

Second, as to Englewood's counsel, even setting aside the procedural impropriety of asserting a counterclaim against a non-party, the claim must be dismissed because § 1983 requires state action and attorneys performing their traditional functions are not state actors on the basis of their position alone. *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (citations omitted). To the extent that the Ezekwos complain of statements made by Englewood's counsel during the course of the underlying lawsuit, Englewood's counsel is also protected by litigation privilege, which "immuniz[es] from liability statements made in the course of judicial, administrative, or legislative proceedings." *Kersey v. Becton Dickinson & Co.*, 433 F. App'x 105, 110 (3d Cir. 2011) (quotation omitted). "The privilege applies to any

communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of litigation; and (4) that have connection or logical relation to the action." *Id.* (quotation omitted). That is the case here, and the Ezekwos' counterclaim against Mr. Baratz must therefore be dismissed.[7]

Because Englewood, its employees, and its counsel are not liable for more than the deposited settlement amount in this matter, and because Englewood will no longer have any interest in this matter, this Court will grant Englewood's motion to be dismissed from this action.

## IV. CONCLUSION

For the reasons set forth above, Englewood's request for interpleader relief is **GRANTED** and Englewood is **DISMISSED WITH PREJUDICE** from this action. The Ezekwos' counterclaim is also **DISMISSED WITH PREJUDICE**. An appropriate order follows.

                                                           /s/ Susan D. Wigenton
                                            **SUSAN D. WIGENTON, U.S.D.J.**

Orig:       Clerk
cc:         Leda D. Wettre, U.S.M.J.
              Parties

---

[7] The Ezekwos' counterclaim must be dismissed as to the Law Firm Defendants for similar reasons, *i.e.*, the Ezekwos' former attorneys are not state actors and they are protected by litigation privilege. Moreover, any claims against this Court and other judges are barred by absolute judicial immunity. *See Figueroa v. Blackburn*, 208 F.3d 435, 440–43 (3d Cir. 2000). This Court will therefore *sua sponte* dismiss the counterclaim in its entirety.